**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

KAHLEEM SMALLS, and ASHLEY RAMIREZ,
individually and on behalf of their infant child,
"KS,"

                                                   Plaintiffs,

   -against-

THE CITY OF NEW YORK, a municipal
corporation, ADMINISTRATION FOR
CHILDREN'S SERVICES, GLADYS CARRION,
individually and as Commissioner, SHEMROY
HAYNES, individually and as caseworker, JOHN
DOES (1-5), individually and as caseworkers,
JOHN ROES (1-5), individually and as supervisors,

                                                 Defendants.
-----------------------------------------------------------------X

**MEMORANDUM AND ORDER**

**CV-15-05672 (ST)**

**TISCIONE, United States Magistrate Judge:**

       Plaintiffs moved the Court for approval of a settlement agreement resolving the claims of all plaintiffs in this action against the City of New York, the Administration for Children's Services ("ACS") and several individual defendants stemming from the temporary removal of infant plaintiff "KS" from the home of his parents and natural guardians, plaintiffs Kahleem Smalls and Ashley Ramirez, by the City of New York and ACS.

       When a case involves claims by an infant plaintiff, courts in the Eastern District of New York must review any proposed settlement. See E.D.N.Y. Local Civ. R. 83.2(a); see also Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd, & Carwile, P.C., 596 F.3d 84, 89 (2d Cir. 2010) ("District courts have broad discretion when conducting an infant compromise hearing.").

The court's proceedings must "conform, as nearly as may be, to the New York State statutes and rules . . . ." E.D.N.Y. Local Civ. R. 83.2(a)(1). The New York requirements for infant compromise proceedings are set forth in New York Judiciary Law § 474 and the New York Civil Practice Laws and Rules §§ 1205-1208, which require, among other things, an affidavit from the infant's representative stating "the terms and proposed distribution of the settlement and [the representative's] approval of both." N.Y. C.P.L.R. 1208(a)(5). The court must determine "whether it is fair, whether the interests of the infant plaintiff are protected, and whether the attorneys' fees sought are reasonable." Doe v. Mattingly, No. 06 Civ. 5761 (JBW) (CLP), 2007 WL 2362888, at *1 (E.D.N.Y. Aug. 14, 2007); see Orlander v. McKnight, 12 Civ. 4745 (HBP), 2013 WL 4400537, at *3 (S.D.N.Y. Aug. 15, 2013).

"A strong presumption exists that a settlement is fair and reasonable where (i) the settlement is not collusive but was reached after arm's length negotiation; (ii) the proponents have counsel experienced in similar cases; and, (iii) there has been sufficient discovery to enable counsel to act intelligently." Camac v. Long Beach City Sch. Dist., No. 09 Civ. 5309 (MKB) (GRB) 2012 WL 3277228, at *4 (E.D.N.Y. July 25, 2012) (citing Mattingly, 2007 WL 2362888, at *2), report & recommendation adopted, No. 09 Civ. 5309 (MKB) (GKB), 2013 WL 991355 (E.D.N.Y. Mar. 13, 2013). Proposed settlements which have been negotiated by the infant's natural guardian carry a presumption that they are fair and in the infant's best interests, and should therefore be afforded some level of deference. See Sch. for Language & Commc'n Dev. v. N.Y. State Dep't of Educ., No. 02 Civ. 269 (JS) (JO), 2010 WL 1740416, at *3 (E.D.N.Y. Apr. 7, 2010) (collecting cases), supplemented, No. 02 Civ. 269 (JS) (JO), 2010 WL 1752192 (E.D.N.Y. Apr. 26, 2010), report & recommendation adopted, No. 02 Civ. 269 (JS) (JO), 2010 WL 1752183 (E.D.N.Y. Apr. 28, 2010).

In assessing fairness, a court should compare "'the terms of the compromise with the likely rewards of litigation.'" Neilson v. Colgate-Palmolive Co., 199 F.3d 642, 654 (2d Cir. 1999) (quoting Maywalt v. Parker & Parsley Petroleum Co., 67 F.3d 1072, 1079 (2d Cir. 1995)). The court must "form an educated estimate of the complexity, expense, and likely duration of such litigation." Martegani v. Cirrus Design Corp., 687 F. Supp. 2d 373, 377 (S.D.N.Y. 2010) (quoting Newman v. Stein, 464 F.2d 689, 692 (2d Cir. 1972) (internal quotation marks omitted), and "exercise the most jealous care that no injustice be done to the infant," Southerland v. City of New York, No. 99 Civ. 3329 (CPS), 2006 WL 2224432, at *2 (E.D.N.Y. Aug. 2, 2006) (quoting Anderson v. Sam Airlines, 94 Civ. 1935, 1997 WL 1179955 (E.D.N.Y. Apr. 25, 1997) (internal quotation marks omitted)). In determining an infant compromise motion, the court considers the litigation risks, but does not "decide the merits of the case or resolve unsettled legal questions." Vitucci v. Winthrop Univ. Hosp., No. 12 Civ. 4328 (DRH) (GRB), 2014 WL 4659274, at *4, 6 (E.D.N.Y. Sept. 17, 2014). Furthermore, while the court may conduct an infant compromise hearing, it is not required where, as here, the necessary information is available from the documents and affidavits submitted in support of the motion. See Sch. for Language & Commc'n Dev., 2010 WL 1740416, at *2.

The Court has thoroughly reviewed the proposed settlement agreement and the sworn affidavits in support of the Motion for Infant Compromise. Based on the Court's review of these documents, and for substantially the same reasons set forth in the Declaration of Abe George, Esq., in support of the Motion, the Court concludes that the proposed settlement is fair, reasonable, and in the best interests of the infant child. Specifically, the settlement agreement was the product of extensive arms' length negotiations by experienced counsel, is supported by the infant's parents, and reflects a substantial monetary recovery that is well within the range of

likely rewards from continued litigation. In addition, the infant suffered no permanent physical injuries as a result of his temporary removal and is unlikely to have any conscious memory of the incident given his age. Moreover, the requested legal fees are commensurate with the work performed and in line with the level of compensation routinely approved by courts in this District. See, e.g., S.W. v. City of New York, 09 Civ. 1777 (ENV) (MDG), 2012 WL 6625879, at *2-3 (E.D.N.Y. Dec. 19, 2012) (approving a contingency award of 33 1/3% of the infant's settlement and compiling cases finding a one-third contingency fee to be customary in New York); Jurdine ex rel. Jurdine v. City of New York, 07 Civ. 2915 (CBA) (JO), 2008 WL 974650, at *4 (E.D.N.Y. Apr. 8, 2008) (approving a one-third contingency fee in an infant compromise case).

Accordingly, the Court hereby approves the settlement and the proposed infant compromise order.

**SO ORDERED.**

/s/
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Brooklyn, New York
June 24, 2016